**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**BONITA ELLIS,**

    **Plaintiff,**

**v.**

**SMITHFIELD FOODS, INC.**

**and**

**SMITHFIELD FARMLAND
CORPORATION,**

    **Defendants.**

**CIVIL ACTION NO.:**   2:18cv274

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, Bonita Ellis ("Plaintiff" or "Ellis"), states as follows for her Complaint against Smithfield Foods, Inc. ("SFI") and Smithfield Farmland Corporation ("SFC"):

### I.     NATURE OF THE CASE

1. This is an action for sexual harassment brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. ("Title VII") and for certain torts under Virginia common law. The Defendants, SFI and SFC, discriminated against Ellis because of her gender by subjecting her to unlawful sexual harassment. SFI and SFC then retaliated against her after she complained of the harassment.

### II.    JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. §2000e(5) (jurisdiction over cases filed under Title VII); 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1337 (jurisdiction arising from Congressional regulation of commerce).

3. The employment practices hereafter alleged to be unlawful were committed within the Eastern District of Virginia, and, more specifically, in the City of Smithfield, Virginia. Accordingly, venue in this judicial district is proper.

### III. PARTIES

4. Ellis is a resident and citizen of the State of North Carolina and the United States. She currently maintains her principal residence at 422 NC 42 West Ahoskie, North Carolina 27910.

5. SFI is a Virginia corporation and conducts business in Smithfield, Virginia and throughout the United States. It maintains its principal place of business at 200 Commerce Street, Smithfield, Virginia 23430.

6. SFC is a Delaware corporation and conducts business in Smithfield, Virginia and throughout the United States. It maintains its principal place of business at 200 Commerce Street, Smithfield, Virginia 23430.

7. SFC is operated by, and is a wholly owned subsidiary of, SFI. The Defendants have common ownership, an integrated management structure, and their operations and operational plans are intertwined. The corporate purposes of SFC are subsumed within the corporate purposes of SFI; SFC has no corporate purposes which are separate or apart from SFI. The managing officers of SFC ultimately report to, answer to, and effect the business purposes of SFI and did so at all times relevant to this Complaint. The human resources policies and practices of SFI and SFC, as well as the professionals responsible for effecting these policies and practices, are one and the same.

8. At all times relevant to this action, the Plaintiff was an "employee" of SFC and SFI as that term is defined under Title VII (hereinafter the terms "Smithfield" and/or "Defendant(s)" shall, unless otherwise indicated, mean SFI and SFC collectively).

## IV. ADMINISTRATIVE PREREQUISITES

9. The Plaintiff has met all administrative prerequisites to filing the Title VII claims in this action, including the filing of a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and bringing this action within 90 days of the issuance of the Notice of Right to Sue that she has received from the EEOC.

## V. FACTS

10. At all times relevant to this action Ellis was employed by Smithfield in the Microwave Bacon department.

11. By July of 2015, Steve Robertson had become Ellis' supervisor. Upon information and belief, Robertson remains employed by Smithfield to this day.

12. Ellis was subjected to highly offensive sexual harassment from Robertson from the time she began to work under him in the summer of 2015 until mid-December, 2016. After enduring Robertson's conduct for a short period of time, Ellis complained to her supervisor, Portia West, to her superintendent, to human resources, to her plant manager, and to Richard Dean, the Smithfield human resources director. She made several complaints about Robertson's sexual harassment of her from approximately late summer of 2015 until mid-December, 2016. No action was ever taken to correct Robertson's sexual harassment of Ellis. The harassment did not end until mid-December of 2016.

13. Robertson frequently subjected Ellis to sexual advances, acts of sexual assault and battery, sexual statements and sexual innuendo.

14. The following are merely examples of the types of comments and unwelcomed conduct to which Robertson subjected Ellis on a frequent basis. Conduct of the types identified below occurred very frequently, on at least a weekly basis, between mid-summer of 2015 and mid-December of 2016:

    a) Robertson grabbed and squeezed Ellis' rear-end on multiple occasions;

    b) Robertson smacked Ellis on the rear-end on multiple occasions;

    c) Robertson made sexual advances upon Ellis;

    d) Robertson made comments about Ellis' body which were sometimes graphic;

    e) Robertson made sexual advances upon Ellis and asked her out;

15. Robertson's actions have caused Ellis a great deal of stress, anxiety, mental anguish and have greatly harmed her quality of life, especially the quality of her professional life.

16. At all times relevant to this mater, the conduct to which Ellis was subjected was unwelcomed and she asked Robertson to cease his conduct on several occasions. When Robertson committed the actions described herein he was an employee of Smithfield and was acting in the course and scope of that employment.

17. As a direct, actual, and proximate result of the acts described herein, Ellis has suffered significant damages. Her career with Smithfield has been significantly harmed. Moreover, she has suffered significant mental anguish, pain, suffering, emotional distress, loss of sleep, humiliation, and loss of quality of life.

18. Smithfield's conduct in this matter had the effect of materially and adversely altering, in an illegal and discriminatory fashion, the terms and conditions of Ellis' employment with them.

19. Smithfield's conduct described herein rendered Ellis insecure in her person, placed her at risk of physical and psychological harm, actually caused her such harm, and destroyed her ability to enjoy all benefits, privileges, terms and conditions of her employment with Smithfield.

## COUNT I

### *Sexual Harassment in Violation of Title VII*

20. The allegations set forth in paragraphs 1 through 19, above, are incorporated into this Count by reference.

21. The conduct to which Ellis was subjected by Robertson was unwelcomed. Robertson's harassment of Ellis was severe, created a hostile working environment, and was sexual in nature. Robertson subjected Ellis to the harassment described herein because of her gender.

22. The Defendants' conduct as related herein constituted unlawful sexual harassment.

23. The Defendants' conduct in committing the sexual harassment and failing to take reasonable action to prevent it was outrageous, intentional, willful, malicious, and committed with reckless indifference to Ellis' rights. Ellis has suffered significant harm as a result, including significant pecuniary and non-pecuniary damages, for which each Defendant is liable.

## COUNT II

*Assault and Battery*

24. The allegations set forth in paragraphs 1 through 19, above, are incorporated into this Count by reference.

25. The unlawful and unwelcomed touchings to which Ellis was subjected constitute assault and battery under Virginia law.

26. Ellis was subjected to several acts of assault and battery as described in paragraph 14, above.

27. The Defendants' assault and battery against Ellis as set forth above was outrageous, intentional, willful, and malicious, and Ellis has suffered significant harm as a result, including physical pain, emotional pain, mental anguish, anxiety, loss of quality of life, and other suffering for which each of the Defendants is jointly and severally liable.

## COUNT III

*Negligent Retention*

28. The allegations set forth in paragraphs 1 through 19, above, are incorporated into this Count by reference.

29. The Defendants wrongfully retained Robertson in his position over which he could abuse his power against Ellis. Robertson in fact continued to abuse his power long after his offensive conduct had been reported to Smithfield.

30. Smithfield's retention of Robertson in his position under these circumstances constitutes negligent retention. The Defendants' negligent retention of Robertson as set forth above was outrageous, intentional, willful, and malicious, and Ellis has suffered significant harm as a result, including physical pain, emotional pain, mental anguish, anxiety, humiliation, loss of

quality of life, and other suffering for which each of the Defendants is jointly and severally liable.

**WHEREFORE**, Bonita Ellis, for all Counts set forth herein, respectfully prays that this Court:

1) Order each Defendant to institute and carry out policies, practices and programs to provide equal employment opportunities to qualified individuals and which eradicate the effects of past and present unlawful employment practices;

2) Order each of the Defendants to make the Plaintiff whole with appropriate lost earnings, future lost earnings, and compensation for loss of future pensions and benefits in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

3) Order each of the Defendants to make the Plaintiff whole by providing her with all compensation contemplated under Title VII, the Civil Rights of 1991, 42 U.S.C. §1981a, and under Virginia common law for non-pecuniary losses including, without limitation, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of reputation and loss of quality and enjoyment of life in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

4) Order each of the Defendants to pay the Plaintiff punitive damages in amounts to be proved at trial and which are sufficient to prevent this conduct in the future, with pre-judgment and post-judgment interest as applicable;

5) For Count I, order each of the Defendants to pay the Plaintiff's reasonable attorney's fees, expert fees and all costs incurred in bringing and prosecuting this action with pre-judgment and post-judgment interest as applicable; and

6) Order all such other relief as the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on issues raised in this Complaint.

Respectfully submitted,

**BONITA ELLIS**

By:   */s/ James H. Shoemaker, Jr.*
        Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
Jason E. Messersmith, VSB No. 77075
F. Alex Coletrane, VSB No. 78381
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
jshoemaker@pwhd.com
jmessersmith@pwhd.com
acoletrane@pwhd.com

Cindra M. Dowd, Esq., VSB No. 33819
Law Offices of Richard J. Serpe, P.C.
580 East Main Street, Suite 310
Norfolk, VA 23510
Telephone: 757.233.0009
Facsimile: 757.233.0455
cdowd@serpefirm.com

Dated: May 23, 2018